UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERRICK D. BAKER** | : | **CIVIL ACTION NO. 13-2223** |
| LA. DOC #524672 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, RAYBURN CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an application for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 filed by *pro se* petitioner Derrick D. Baker ("petitioner"). Doc. 4. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is currently incarcerated at Rayburn Correctional Center in Angie, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the application be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Petitioner attacks his sentence 2007 imposed by the 36th Judicial District Court in and for Beauregard Parish, Louisiana. On July 13, 2007, petitioner was sentenced to serve a total of twenty-two years at hard labor on two counts of aggravated criminal damage to property and one count of aggravated battery. Doc. 4, p. 1. On August 31, 2007, petitioner appealed the sentences as excessive and also on the grounds that the court erred in admitting prejudicial other-crimes evidence. *Id.* at 2. On May 7, 2008, the Louisiana Third Circuit Court of Appeal affirmed the sentences. *State of Louisiana v. Derrick D. Baker, Sr.*, 986 So. 2d 694 (La. App. 3

Cir. 2008). Petitioner did not seek further direct review with the Louisiana Supreme Court. Doc. 4, p. 2.

On October 13, 2009, petitioner filed an application for post-conviction relief in Beauregard Parish. Doc. 1, att. 1, pp. 27–37. On February 1, 2010, the court denied the application. *Id.* at 25. However, on June 14, 2010, the Louisiana Third Circuit Court of Appeal remanded the matter to the district court with instructions to conduct an evidentiary hearing. *Id.* at 3. The district court held an evidentiary hearing as instructed on September 28, 2010. *Id.* at 47–101. On December 6, 2010, the district court again denied the application for postconviction relief. *Id.* at 12. On December 30, 2010, petitioner filed a supervisory writ application to the Third Circuit. The Third Circuit denied the application on May 30, 2012. *Id.* at 1. Thereafter, petitioner appealed to the Louisiana Supreme Court, which denied the application on April 1, 2013. *State Ex Rel. Derrick D. Baker, Sr., v. State of Louisiana*, 110 So. 3d 137 (La. 2013),

Petitioner filed his federal *habeas corpus* application on July 2, 2013, challenging the conviction and sentences entered in Beauregard Parish. Doc. 1; doc. 4. Specifically, petitioner claims that his counsel was ineffective and that the evidence of other crimes was inadmissible, thus necessitating a reversal of his conviction and sentences

## II. LAW AND ANALYSIS

Federal courts of the United States have jurisdiction to entertain applications for writs of *habeas corpus* on behalf of a person in State custody if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Federal law imposes a one-year limitations period within which persons who are in custody pursuant to the judgment of a state court may seek *habeas* review in federal court. 28 U.S.C. § 2254(d)(1). This limitation period generally runs from the date that the conviction

becomes final. *See* 28 U.S.C. § 2254(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998). Furthermore, the limitations period is not tolled for the period between the completion of state review and the filing of the federal *habeas* application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a *habeas* petition is time-barred under the provisions of section 2244(d), the court must ascertain (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the State courts; and (3) the date upon which the petitioner filed his federal *habeas corpus* petition.

Here, after petitioner's conviction and sentences were affirmed by the appellate court on May 7, 2008, petitioner did not seek further direct review. Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period for bringing a *habeas* claim in federal court began to run upon the expiration of the delay for seeking direct review in the Louisiana Supreme Court.[1] Under Louisiana law, petitioner had a period of 30 days from the Third Circuit's ruling to seek writs in the Louisiana Supreme Court, or until June 7, 2008. La. Sup. Ct. R. X, § 5(a). Because petitioner did not file an appeal, his one-year deadline began to run on June 7, 2008 when his conviction became final, giving him until June 7, 2009 to file his *habeas* petition.

Petitioner cannot avail himself of statutory tolling pursuant to § 2244(d)(2) because he did not file his state-court application for post-conviction relief until October 13, 2009. Doc. 1,

---

[1] 28 U.S.C. § 2244(d)(1) provides three other methods of determining the beginning of the one-year period. However, nothing in the record supports that any of these methods is applicable in this matter.

att. 1, pp. 27–37. By that time, petitioner's one-year *habeas* deadline had already expired and could not be revived. Accordingly, petition's application is time-barred by the provisions of 28 U.S.C. §2244(d))(1).

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons:

**IT IS RECOMMENDED** that the application for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are time barred.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE